UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KURT ASKEW and GAIL GLUTTING,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY; KEARNY PEARSON FORD; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No.: 3:18-cv-02776-GPC-KSC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>**[ECF No.]** |

Before the Court is Kurt Askew and Gail Glutting ("Plaintiffs") motion to remand. (ECF 10). Plaintiffs filed the motion on January 8, 2019, and Ford Motor Company ("FMC") and Sunroad Auto LLC, dba Kearny Pearson Ford ("Kearney Ford"), collectively ("Defendants") filed an opposition on January 29, 2019. (ECF 15). Plaintiffs' filed a reply on February 12, 2019. (ECF 17). For the reasons set forth below, the Court GRANTS the motion to remand.

### I. Background

Plaintiffs filed this action against Defendants and ten unnamed defendants in California Superior Court on November 6, 2018. (ECF 1 at 3.) The complaint asserts five claims against FMC and one claim against both FMC and Kearney Ford under

1

California's Song-Beverly Consumer Warranty Act. (ECF 10, 1 at 6); Cal. Civ. Code §§ 1790 *et seq.* According to the complaint, Plaintiffs are residents of San Diego County, California and purchased a 2011 Ford Fusion vehicle ("Vehicle") on May 2011 from Kearny Ford, an authorized Ford dealership. (ECF 1, 3 at 3). In connection with the Vehicle's purchase, Plaintiffs received an express written warranty "including a 3 year/36,000 miles bumper to bumper warranty and a 5 year/60,000 miles powertrain warranty." (ECF 1, 3 at 4). However, during the warranty period the Vehicle "contained or developed defects," which "substantially impair[ed] the use, value, or safety of the Vehicle." (ECF 10, 1 at 8). According to Plaintiffs' the Defendants were "unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of opportunities." (ECF 1, 3 at 5). Therefore, Plaintiffs' allege that Defendants breached California's Song-Beverly Consumer Warranty Act by failing to replace their Vehicle or provide them with restitution in accordance with California's Lemon Law. (ECF 10, 1 at 8).

On December 10, 2018, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants removed Plaintiffs' state court action based upon diversity of citizenship. (ECF 1, 1 at 1). On January 2, 2019, Plaintiffs sent a meet and confer correspondence to Defendants' counsel requesting that Defendants withdraw their notice of removal:

> As you are aware, 28 U.S.C. § 1441(b)(2) unambiguously states a civil action otherwise removable solely on the basis of diversity jurisdiction 'may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought. Thus, because Defendant Kearny Ford is a citizen of California and was sued in a California court, the law clearly forecloses Ford's asserted basis for removal." (ECF 10, 3 at 2).

Defendants, however, denied Plaintiffs' request and on January 8, 2019, Plaintiffs' filed their present motion to remand. (ECF 10, 4 at 2; 10, 1 at 1).

## II. Legal Standard

"To remove a case from state court to federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014) (quoting 28 U.S.C. § 1446(a)). "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree." *Id*. "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* "Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction." *Audo v. Ford Motor Co.,* 2018 WL 3323244 *1 (S.D. Cal. July, 2018) (citing *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992)).

"The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. Thus, "[i]f a district court determines at any time that less than a preponderance of the evidence supports the right of removal, it must remand the action to the state court." *Hansen v. Grp. Health Coop.,* 902 F.3d 1051, 1057 (9th Cir. 2018).

Here, Defendants assert diversity jurisdiction under 28 U.S.C. § 1332 as the basis for the Court's subject matter jurisdiction. (ECF 1). For a federal court to exercise diversity jurisdiction, there must be "complete diversity" between the parties. *See* 28 U.S.C. § 1332(a); *Strawbridge v. Curtiss,* 7 U.S. 267, 267 (1806). Accordingly, diversity jurisdiction does not exist if any defendant is of the same citizenship as any plaintiff. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Furthermore, removal on diversity grounds is improper if any defendant is a citizen of the forum state. 28 U.S.C § 1441(b)(2). "[O]ne exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.' *Morris v. Princess Cruises, Inc.* 236 F.

3d 1061, 1067 (9th Cir. 2001). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, 'if the plaintiff fails to state a cause of action against a resident defendant and the failure is obvious according to the settled rules of the state.'" *Id.* (quoting *McCabe v. General Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir. 1987). Additionally, the defendant bears the burden of proving fraudulent joinder by clear and convincing evidence. *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

Although the defendant "is entitled to present the facts showing the joinder to be fraudulent," *McCabe,* 811 F.2d at 1339, "[t]he district court . . .must resolve all disputed questions of fact in favor of the plaintiff." *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998). "In addition, 'the defendant must establish that plaintiff could not amend his complaint to add additional allegations correcting any deficiencies . . . . [I]f a defendant simply argues that plaintiff has not pled sufficient facts to state a claim, the heavy burden of showing fraudulent joinder has not been met.'" *Cogswell v. Ford Motor Co.,* 2019 WL 410475 *2 (S.D. Cal. Feb. 1, 2019) (quoting *Martinez v.* Michaels, No. CV 15-02104 MMM (EX), 2015 WL 4337059, at *5 (C.D. Cal. July 15, 2015). Therefore, only "if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned," can a non-diverse defendant be deemed a "sham defendant." *Nasrawi v. Buck Consultants, LLC,* 776 F. Supp. 2d 1166, 1169-70 (E.D. Cal. 2011).

**III. Discussion**

Plaintiffs' argue this Court should grant their motion to remand because the Defendants have failed to demonstrate that (1) Kearny Ford, a California based dealership is a "sham defendant"; (2) the amount-in-controversy exceeds $75,000; (3) and Plaintiffs are citizens of California. (ECF 10, 1 at 7). The Court concludes that Defendants have not carried their immense burden to demonstrate that Kearny Ford, a resident defendant, was fraudulently joined.

**A. Fraudulent Joinder**

The Defendants' fraudulent joinder argument hinges upon their assertion that the Plaintiffs' sole claim—a breach of the implied warranty of merchantability—against resident defendant Kearny Ford is time-barred. (ECF 1,1 at 9). "Indeed a court may find a defendant fraudulently joined if a statute of limitations applies to the claim against the defendant." *Cogswell v. Ford Motor Co.,* 2019 WL 410475, at *2 (S.D. Cal. Feb. 1, 2019) (citing *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1320 (9th Cir. 1998). Here, however, the Court cannot conclude that Plaintiffs' implied warranty claim against Kearny Ford is *obviously* time barred. *See Hamilton Materials Inc. v. Dow Chem Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) ("Fraudulent joinder must be proven by clear and convincing evidence."). Accordingly, the Defendants have failed to demonstrate fraudulent joinder.

Under the Song-Beverly Act, the time to bring an action for breach of the implied warranty of merchantability is four years. *See Mexia v. Rinker Boat Co., 174 Cal. App. 4th 1297, 1306-09 (Ct. App. 2009).* In addition, the statute of limitations may be tolled for such a claim. *See Cogswell v. Ford Motor Co.,* 2019 WL 410475, at *2 (S.D. Cal. Feb. 1, 2019); *Cavale,* 2018 WL 3811727, at *3 (E.D. Cal. Aug. 9, 2018); *Chipley*, 2018 WL 1965029 at *3. For example, courts have held that implied warranty claims under the Song-Beverly Act may be subject to fraudulent concealment and equitable tolling principles. *See Jimenez v. Ford Motor Co*., 2018 WL 2734848, at *2 (C.D. Cal. June 5, 2018) ("[E]quitable tolling principles . . . apply to the statute of limitations for implied warranty of merchantability claims"); *Philips v. Ford Motor Co*., NO. 14-CV-02989-LHK, 2016 WL 1745948, at *12-15 (N.D. Cal. May 3, 2016) (holding that implied warranty claims under the Song-Beverly Act may be subject to fraudulent concealment tolling).

Evaluating all the factual allegations in the light most favorable to the Plaintiffs, this Court concludes that Defendants have not shown that there is absolutely no

5

possibility that Plaintiffs can state a claim against Kearny Ford. *See Diaz*, 185 F.R.D. at 586 ("In resolving the issue of [fraudulent joinder], the court must further resolve all ambiguities in state law in favor of the plaintiffs."). Here, Plaintiffs purchased their Vehicle on May 2011 and filed their claim of a breach of warranty on November 2018, seven years later. (ECF 10, 1 at 7-8). The Defendants' argue that the Plaintiffs' sole claim against Kearny Ford is time-barred because the statute of limitations expired on May 2015, four years after the purchase date. (ECF 15, at 13). The Plaintiffs, however, submitted the following methods in which their implied warranty claim against Kearny Ford could be tolled under California law: (1) the delayed discovery rule; (2) the repair doctrine; (3) the class action tolling rule; (4) the equitable tolling rule; and (5) the fraudulent concealment rule. (ECF 10, 1 at 14-19). Therefore, for Defendants to prevail on their fraudulent joinder claim it is their burden to prove by clear and convincing evidence that none of Plaintiffs' tolling theories are possible under state law. *See Diaz v. Allstate Ins. Grp.,* 185 F.R.D. 581, 586 (C.D. Cal. 1998) ("[M]erely showing that an action is likely to be dismissed against the defendant does not demonstrate fraudulent joinder. 'The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so.'") (citation omitted).

The Defendants' fall short of carrying their burden to demonstrate fraudulent joinder for the following reasons. First, Defendants' attack Plaintiffs' tolling theories based upon perceived deficiencies in the Plaintiffs' Complaint. (ECF 15, at 18-19). This is an ineffective argument because under the framework of a fraudulent joinder claim "the relevant question is whether it is *possible* for Plaintiff to state a claim against [Kearny Ford], not whether [the claim] has been sufficiently pled." *Cavale*, 2018 WL 3811727, at *3 (E.D. Cal. Aug. 2018) (emphasis stated). Accordingly, given that the Plaintiffs are permitted to amend their Complaint to correct any deficiencies, this Court cannot conclude that the Plaintiffs have no possibility of amending their Complaint to allege a viable tolling theory. *See Jimenez,* 2018 WL 2734848, at *2 ("[T]he defendant must establish that plaintiff could not amend his complaint to add additional allegations

correcting any deficiencies.").[1] Because one or more of the Plaintiffs' tolling theories could apply, the Plaintiffs' claim against Kearny Ford is not obviously time-barred and the Defendants have failed to demonstrate that Kearny Ford is a fraudulently joined defendant. *See Hunter v. Philip Morris USA,* 582 F. 3d 1039 (9th Cir. 2009) (quoting *Tillman v. R.J. Reynolds Tobacco,* 340 F.3d 1277, 1279 (11th Cir. 2003) (*per curiam*) ("'[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court.'"); *Vincent v. First Republic Bank, Inc.,* 2010 WL 1980223 *3 ("[E]ven if the complaint fails to state any claims against the non-diverse individual defendants, defendants have not shown that plaintiff would not be able to amend the complaint to allege any viable claim against the individual defendants under California law.").

Moreover, the Defendants have failed to distinguish this case from the myriad of recent California district court decisions, including from this Court, that have uniformly rejected FMC's identical fraudulent joinder argument based upon an allegedly time-barred implied warranty claim. *See Cogswell v. Ford Motor Co.,* 2019 WL 410475 *1 (S.D. Cal. Feb. 2019) (holding Ford had not demonstrated that Kearny Ford was fraudulently joined because one of plaintiff's tolling theories might toll the statute of limitations); *Less v. Ford Motor Co.,* 2018 WL 4444509 (S.D. Cal. Sept. 2018) ("As a result, the Court concludes that it is not obvious that Plaintiff cannot state a claim against [Ford Dealership] because it is possible that the statute of limitations on the breach of the implied warranty of merchantability claim may be tolled"); *Audo v. Ford Motor Co.,* 2018 WL 3323244 (S.D. Cal. July 2018); *Cavale v. Ford Motor Co.,* 2018 WL 3811727 (E.D. Cal. Aug. 2018) ("Even if the allegations concerning fraudulent concealment are

---

[1] This Court wishes to reiterate to Ford that Defendants' arguments "that Plaintiffs' claim is barred by the statute of limitation is better raised in a demurrer, motion to dismiss, or motion for summary judgment rather than a notice of removal." *Jimenez* at *3; *see Cogswell* at * fn 1

not sufficiently pled, Ford has not shown that Plaintiff would not be able to amend the complaint to allege a viable tolling theory"); *Chipley v. Ford Motor Co.,* 2018 WL 1965029 (N.D. Cal. May 2018); *Cardenas v. Ford Motor Co.,* 2018 WL 2041616 at *1 (C.D. Cal. May 2018) ("It is not obvious under the settled law of California that Plaintiffs' claim against Worthington Ford is barred by the statute of limitations." ). Accordingly, because Defendants' do not distinguish this case from any of the nearly carbon-copied variants listed above, this Court is not persuaded to diverge from the rationale of its—and fellow California district courts—prior holdings.

### B. Federal Rule of Procedure 21 ("Rule 21")

Alternatively, Defendants ask this Court to exercise its discretion and remove Kearny Ford as a party pursuant to Federal Rule of Procedure 21. (ECF 15 at 20); Fed. R. Civ. P. 21. "Rule 21 grants a federal district or appellate court the discretionary power to perfect its diversity jurisdiction by dropping a nondiverse party provided the nondiverse party is not indispensable to the action under Rule 19." *Sams v. Beech Aircraft Corp.*, 625 F. 2d 273, 277 (9th Cir. 1980). However, this Court amongst many other California district courts "have found implied warranty claims against dealerships to be valid, and the dealerships to be necessary parties in connection with claims under the Song-Beverly Act." *Chipley v. Ford Motor Co.*, 2018 WL 1965029, at *2 (N.D. Cal Apr. 26, 2018). Accordingly, this Court declines to drop Kearny Ford as a party. *See Cogswell* 2019 WL 410475 at *2.

### C. Amount In Controversy

Because Defendants have failed to prove by clear and convincing evidence that Kearny Ford is a fraudulently joined defendant, Kearny Ford's California citizenship precludes the exercise of diversity jurisdiction. Accordingly, this Court will not analyze whether the Defendants have proven by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.

//
//

8

3:18-cv-02776-GPC-KSC

### D. Conclusion

Because Defendants have not demonstrated that Kearny Ford, a California citizen for diversity purposes, has been fraudulently joined, the Court concludes that Kearny Ford's California citizenship defeats removal under 28 U.S.C. section 1441(b)(2). Therefore, this Court remands the case to the Superior Court of California for the County of San Diego for lack of federal subject matter jurisdiction. See 28 U.S.C. section 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

**IT IS SO ORDERED.**

Dated: April 18, 2019

Hon. Gonzalo P. Curiel
United States District Judge